FILED

2018 FEB 27 PM 3: 36

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HANDS ON CHIROPRACTIC PL,
A/A/O SAMANTHA SCHURR,

    Plaintiff,

v.

PROGRESSIVE SELECT
INSURANCE COMPANY,

    Defendant.
_____/

CASE NO.: 6:18-CV-192-ORL-37-DCI

STATE CASE NO. 2017-CA-11229

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, Progressive Select Insurance Company ("Progressive" or "Defendant"), pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d) and 28 U.S.C. § 1453, as well as 28 U.S.C. §§ 1441 and 1446, hereby removes to this Court the state court action described below.

    1.    This action was originally filed on December 29, 2017 in the Circuit Court of the Ninth Circuit in and for Orange County, Florida, styled *Hands On Chiropractic CL (a/a/o Debra A. Combs) v. Progressive Select Ins. Co.*, Case No. 2017-CA-11229 (the "State Court Action"). Progressive was served with the Complaint on January 9, 2018.

    2.    Plaintiff, Hands On Chiropractic PL ("Hands On") filed the original complaint as the assignee of Progressive insured Debra A. Combs. (Original Compl.). The original complaint contained two counts for relief: a count for breach of contract and a count for declaratory relief.

1

43820926;1

3. Hands On filed an Amended Class Action Complaint on February 1, 2018. In the Amended Complaint, Hands On asserts standing as the assignee of Progressive insured Samantha Schurr – instead of Debra A. Combs. Indeed, there is no mention of Debra A. Combs in the Amended Complaint. In addition, the Amended Complaint contains a single count for declaratory relief.

4. The Amended Complaint is filed by Hands On on behalf of itself and an unknown number of persons and/or entities who submitted claims for payment of Florida No-Fault ("PIP") automobile insurance benefits from Progressive.[1] (Am. Compl. at ¶ 21). Hands On alleges that Progressive has engaged in a systematic practice of underpaying bills for PIP benefits that are submitted for amounts less than the amounts allowed pursuant to the schedule of maximum charges contained in the PIP Statute, Fla. Stat. § 627.736(5)(a)1. (*Id.*).

5. Based on this theory, Hands On alleges a single count for declaratory relief. Hands On requests the following declarations (*Id.* at Prayer for Relief):

> a. Declaring that Florida law and Progressive's Policy require Progressive to pay the full amount of the charges submitted or 80% of the Schedule of Maximum Charges, where the charges submitted were for less than the amounts allowed pursuant to Fla. Stat. § 627.736(5)(a)1.
>
> b. Declaring that Progressive breached its Policies by paying only 80% of the charges submitted where the charges submitted were for less than the amounts allowed pursuant to Fla. Stat. § 627.736(5)(a)1.
>
> c. Declaring that Progressive violated Florida law by paying only 80% of the charges submitted where the charges submitted were for less than the amounts allowed pursuant to Fla. Stat. § 627.736(5)(a)1.

---

[1] PIP benefits are governed by Fla. Stat. § 627.736.

Hands On also requests the payment of attorneys' fees and costs. (*Id.*).

6. Pursuant to 28 U.S.C. § 1446(a), Progressive has attached: (a) a copy of the Complaint served upon it as **Exhibit 1**; and a copy of all other process and pleadings served on Progressive in the State Court Action as **Composite Exhibit 2**. A true and correct copy of this Notice of Removal will be filed with the Clerk of the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, in accordance with the provisions of 28 U.S.C. § 1446(d), along with a Notice of the filing, a copy of which will be served upon all parties.

7. Progressive was served with the Complaint on January 9, 2018. (*See* Notice of Service of Process, part of Composite Exhibit 2). Thus, this Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446.

8. Hands On's counsel has previously agreed that Progressive shall have an extension of time through March 9, 2018, to respond to the Amended Complaint.

### This Court Has Jurisdiction Over This Action Under CAFA

9. This action is removable to this Court, and this Court has jurisdiction over this action, under CAFA, 28 U.S.C. § 1332, 28 U.S.C. § 1441(a) and (b), and 28 U.S.C. § 1453, because this is a putative class action with more than 100 putative class members that are seeking to recover in excess of $5,000,000 in the aggregate, and there is minimal diversity.

10. Hands On filed this putative class action on its own behalf and on behalf of a class defined as follows (Am. Compl. at ¶ 21):[2]

---

[2] The proposed class suffers from several deficiencies. By removing this action based on the putative class definition, Progressive does not waive its right to challenge the class definition or the other allegations of the Complaint.

43820926;1

> Any and all Progressive insureds, and health care providers as assignees of Progressive insureds, who submitted charges for less than the amount allowed under Fla. Stat. § 627.736(5)(a)1 and received payment of 80% of the charge rather than the full amount of the charges submitted or 80% of the Schedule of Maximum Charges.

11. The Complaint seeks to certify a class pursuant to Rule 1.220 of the Florida Rules of Civil Procedure, which is the Florida equivalent to Rule 23 of the Federal Rules of Civil Procedure. (*Id.* at ¶ 20).

12. CAFA reflects Congress's intent to have federal courts adjudicate substantial class action suits brought against out-of-state defendants. Toward that end, CAFA expressly provides that class actions filed in state court are removable to federal court. CAFA expands federal jurisdiction over class actions by amending 28 U.S.C. § 1332 to grant original jurisdiction where the putative class contains at least 100 class members; and any member of the putative class is a citizen of a State different from that of any defendant; and the amount in controversy exceeds $5,000,000 in the aggregate for the entire class, exclusive of interest and costs. 28 U.S.C. § 1332(d).

13. This suit satisfies all the requirements under CAFA for federal jurisdiction: (1) the putative class exceeds 100; (2) the members of the proposed class have a different citizenship from Progressive; (3) the amount in controversy exceeds $5,000,000; and (4) the exceptions to CAFA do not apply here. *See* 28 U.S.C. § 1332(d); *see also* **Exhibit 3**, Declaration of Marcie J. Buno.

A. **The Putative Class Exceeds 100**

14. CAFA requires that the class consist of at least 100 persons. 28 U.S.C. § 1332(d)(5). That requirement is clearly met here. While Hands On does not identify the

4

number of putative class members in its Complaint, a review of Progressive's records indicates that there are more than 1,000 persons and/or entities implicated by the putative class as defined by the Hands On. (Buno Declaration, Ex. 3 at ¶ 8). Accordingly, it is clear that there will be in excess of 100 class members implicated in the class asserted by the Hands On in this action.

### B. There Is Minimal Diversity Sufficient to Establish CAFA Jurisdiction

15. The second CAFA requirement is at least minimal diversity—at least one putative class member must be a citizen of a different state than any one defendant. 28 U.S.C. § 1332(d)(2).

16. On information and belief and as set forth in the Complaint, Plaintiff Hands On is now, and was at the time of the filing of the Complaint, and at all times intervening, a citizen of Florida. (Am. Compl. at ¶ 2). As set forth in the Complaint, Hands On "is a Florida corporation authorized to do business and doing business in Orange County, Florida." (*Id.*).

17. Defendant Progressive is now, and was at the time of the filing of the Complaint, and at all times intervening, an Ohio corporation and its principal place of business is in Ohio. Progressive is therefore considered to be a citizen of Ohio. *See* 28 U.S.C. § 1332(c)(1).

18. The proposed class is comprised of "Progressive insureds, and health care providers as assignees of Progressive insureds" who submitted charges for less than the amount "allowed under Fla. Stat. § 627.736(5)(a)1." (Am. Compl. at ¶ 21). As alleged in the Amended Complaint, PIP benefits pursuant to Fla. Stat. § 627.736 arise from Florida

automobile insurance policies. (*Id.* at ¶¶ 7, 16-19). For purposes of this Notice, Progressive must assume that the class is limited to those persons seeking a declaration under Progressive policies issued in the State of Florida. *See Julian v. Johnson*, 438 So. 2d 503, 505 (Fla. 5th DCA 1983) (Florida PIP coverage not afforded under policy issued in another state).

19. Thus, there is diversity here, as Hands On is a citizen of Florida and Progressive is a citizen of Ohio. Thus, this prerequisite of CAFA is met. 28 U.S.C. § 1332(d)(2).

### C. The CAFA Amount in Controversy Requirement of $5,000,000 Is Met

20. CAFA also requires that the aggregate amount in controversy exceed $5,000,000 for the entire putative class in the aggregate, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2).

21. As the United States Supreme Court has held, Progressive's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014). "Evidence establishing the amount is required by §1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*[3]

---

[3] If jurisdiction is challenged, Progressive would bear the burden of establishing that the CAFA amount in controversy requirement is met by a preponderance of the evidence, meaning it must show it is "more likely than not" that the amount in controversy exceeds the jurisdictional requirement. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010); *see also South Florida Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014). To meet that burden, a removing party can provide "specific factual allegations establishing jurisdiction and can support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations .... [A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka*, 608 F.3d at

43820926;1

22. Here, based upon Hands On's allegations and theories (which Progressive disputes, but which control for removal purposes), Progressive plausibly alleges that the $5,000,000 CAFA amount in controversy requirement is satisfied.

23. Plaintiff seeks a declaration that Progressive breached its Policies and violated Florida law by "paying only 80% of the charges submitted where the charges submitted were for less than the amounts pursuant to Fla. Stat. § 627.736(5)(a)1." (Am. Compl. at Prayer for Relief). Plaintiff seeks a declaration that Progressive is required to "pay the full amount of the charges submitted or 80% of the Schedule of maximum charges, where the charges submitted are for less than the amounts allowed pursuant to Fla. Stat. § 627.736(5)(a)1." *Id.*

24. Based upon a careful review of Progressive's records, Progressive has demonstrated that the total amount of PIP benefits implicated by that requested declaration exceeds the five million dollar ($5,000,000) threshold and even exceeds ten million dollars ($10,000,000). (Buno Declaration, Ex. 3 at ¶ 7).

25. The single count of Hands On's Amended Complaint seeks declaratory relief. "When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000) (citation omitted); *see also Hartford*

---

754. In meeting this burden, the removing party may present "affidavits, declarations, or other documentation." *Id.* at 755 (citations omitted); *see also Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) (the district court may "require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal") (citations omitted); *Fowler v. Safeco Ins. Co. of Am.*, 915 F.2d 616, 617 (11th Cir. 1990) ("Defendants have the opportunity to submit affidavits, depositions, or other evidence to support removal.").

7

*Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (amount-in-controversy in an action for declaratory relief is "the value of the right to be protected or the extent of the injury to be prevented"). In the insurance context, the "value of the right to be protected is the [insurer's] potential liability under the policy, plus potential attorneys' fees, penalties, statutory damages and punitive damages." *Prime Ins. Syndicate, Inc. v. Soil Tech Distributors, Inc.*, 2006 WL 1823562, at *3 (M.D. Fla. June 30, 2006) (quotations omitted).

26. Further, the value of the declaratory relief sought by Hands On necessarily includes the value of any recovery that could be sought by the class because a declaration by this Court will establish how payments should have been calculated since December of 2012.[4] *See, e.g., South Florida Wellness*, 745 F.3d at 1318.

27. Hands On has also requested an award of attorneys' fees. The Florida Insurance Code does provide for an award of attorneys' fees against insurance companies under certain circumstances. *See* Fla. Stat. § 627.428. Although Progressive disputes Hands On or the class are entitled to any such award, and disputes that the statute applies to Hands On's or the class's claims as a matter of fact or law, for purposes of removal, Hands On's assertion of a statutory right to attorneys' fees is properly considered in ascertaining the amount in controversy. *See, e.g., Sheffield Woods at Wellington Condo. Ass'n v. Scottsdale Ins. Co.*, 2009 WL 2255219, at *1 (M.D. Fla. July 28, 2009) (denying motion to remand, finding amount in controversy met based in part on potential for attorneys' fees under Fla. Stat. § 627.428). Here, given that the compensatory damages standing alone easily satisfy

---

[4] The statute of limitations period applicable to Plaintiff's contract-based claim is five (5) years. Fla. Stat. § 95.11(2) (2017).

the CAFA amount in controversy requirement, the possibility of attorneys' fees simply swells the amount in controversy and further demonstrates that the CAFA amount in controversy requirement is clearly met here.

28. For all the foregoing reasons, it is evident that the $5,000,000 CAFA amount in controversy requirement is satisfied.

D. **The Exceptions to CAFA Do Not Apply Here**

29. CAFA provides two mandatory exceptions to the application of federal jurisdiction (both of which the Eleventh Circuit has labeled the "local controversy exception"), and one discretionary exception. 28 U.S.C. § 1332(d)(3)-(4); *see also Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006) (discussing the "local controversy exception"); *Gavron v. Weather Shield Mfg.*, 2010 WL 3835115, at *2-3 (S.D. Fla. Sept. 29, 2010). The burden of establishing the exceptions to CAFA rests not on Progressive, but rather on Hands On as the non-removing party. *Evans*, 449 F.3d at 1164 ("[W]hen a party seeks to avail itself of an express statutory exception to federal jurisdiction granted under CAFA, as in this case, we hold that the party seeking remand bears the burden of proof with regard to that exception."). In this case it is clear that none of these exceptions apply, and Plaintiff could not possibly meet its burden of establishing any exception.

E. **This Action is Properly Removed**

30. Accordingly, because the CAFA prerequisites are met and none of the exceptions applies, this case is properly removable under CAFA.

31. The undersigned states that this removal is well-grounded in fact, warranted by existing law, and not interposed for any improper purpose.

**WHEREFORE**, Progressive prays that this Court will consider this Notice of Removal as provided by law governing the removal of cases to this Court; that this Court will make the proper orders to achieve the removal of the State Court Action to this Court; and that this Court will make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause of all proceedings that may have been had in the State Court Action.

Respectfully submitted,

*Allison Paige Gallagher*
Megan Costa DeVault, Esq.
Florida Bar No. 0560731
Allison Paige Gallagher, Esq.
Florida Bar No. 808911
Akerman LLP
420 South Orange Avenue, Suite 1200
Orlando, FL 32801
Tel: 407-423-4000
Fax: 407-843-6610
P: megan.devault@akerman.com
S: jann.austin@akerman.com
P: allison.gallagher@akerman.com
S: karilynn.alhasnawi@akerman.com

and

Marcy Levine Aldrich, Esq.
Florida Bar No. 0968447
Akerman LLP
Three Brickell City Center
98 Southeast Seventh Street, Suite 1100
Miami, FL 33131
Phone: 305-374-5600
Fax: 305-374-5095
P: marcy.aldrich@akerman.com
S: debra.atkinson@akerman.com

*Counsel for Defendant Progressive Select Insurance Company*

43820926;1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court and served via e-mail on this 7th day of February, 2018, to the persons on the below Service List.

/s/ Allison Paige Gallagher,
Allison Paige Gallagher, Esq.

**SERVICE LIST**

**Counsel for Plaintiff**

Lawrence M. Kopelman, Esq.
Lawrence M. Kopelman, P.A.
One West Las Olas Boulevard, Suite 500
Fort Lauderdale, FL 33301
Tel: 954-462-6855
Fax: 954-525-4300
LMK@kopelblank.com

Alyson M. Laderman, Esq.
The Orlando Law Group, P.L.
12301 Lake Underhill Road, Suite 213
Orlando, FL 32828
Tel: 407-512-4394
Fax: 407-955-4654
P: ALaderman@theorlandolawgroup.com
S: MAcevedo@theorlandolawgroup.com

11

43820926;1