2/7/2018



## Orange County Clerk - Court Records Search

### 2017-CA-011229-O : HANDS ON CHIROPRACTIC PL vs.PROGRESSIVE SELECT INSURANCE COMPANY

| | | | |
|---|---|---|---|
| Case Type: | CA - Insurance Claims | Date Filed: | 12/29/2017 |
| Location: | Div 39 | UCN: | 482017CA011229A001OX |
| Judge: | Christi L Underwood | Status: | Pending |
| Citation Number: | CA - Insurance Claims | Appear By Date: | |

| Parties | | | |
|---|---|---|---|
| Name | Type | Attorney | Atty Phone |
| HANDS ON CHIROPRACTIC PL SAMANTHA SCHURR AAO | Plaintiff | LAWRENCE KOPELMAN | 954-525-4100 |
| PROGRESSIVE SELECT INSURANCE COMPANY | Defendant | | |

| Charge Details | | | | | |
|---|---|---|---|---|---|
| Offense Date | Charge | Plea | Arrest | Disposition | Sentence |

| Docket Events | | |
|---|---|---|
| Date | Description | Pages |
| 2/1/2018 | Notice of Service of Process/Return | 1 |
| | Comments: PROGRESSIVE SELECT INSURANCE COMPANY | |
| 2/1/2018 | Amended Complaint | 12 |
| 1/4/2018 | Summons Issued Electronically as to | 3 |
| | Comments: emailed to atty | |
| 12/29/2017 | Complaint | 13 |
| 12/29/2017 | Civil Cover Sheet | 2 |
| 12/29/2017 | Civil Cover Sheet | 2 |
| 12/29/2017 | Case Initiated | |

| Hearings | | | | |
|---|---|---|---|---|
| Date | Hearing | Time | Location | Pages |

| Financial | | | |
|---|---|---|---|
| Date | Description | Payer | Amount |
| 12/29/2017 | Transaction Assessment | | 410.00 |
| 12/29/2017 | Payment | Alyson Michelle Laderman | -410.00 |
| | | Balance Due: | 0.00 |

| Bonds | | | |
|---|---|---|---|
| Description | Status Date | Bond Status | Amount |

2/7/2018

| | Warrants | | | | | |
|---|---|---|---|---|---|---|
| Number | Status Description | Issue Date | Service Date | Recall Date | Expiration Date | Warrant Type |

Filing # 65922724 E-Filed 12/29/2017 11:33:44 AM

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

I.   **CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>NINTH</u> JUDICIAL CIRCUIT,
IN AND FOR <u>ORANGE</u> COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>HANDS ON CHIROPRACTIC PL AAO DEBRA A COMBS</u>
Plaintiff
vs.
<u>PROGRESSIVE SELECT INSURANCE COMPANY</u>
Defendant

II.   **TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999

- ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☐ Discrimination-employment or other
  - ☒ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

III.    **REMEDIES SOUGHT** (check all that apply):
      ☒  Monetary;
      ☒  Non-monetary declaratory or injunctive relief;
      ☐  Punitive

IV.    **NUMBER OF CAUSES OF ACTION: (     )**
(Specify)

    2

V.    **IS THIS CASE A CLASS ACTION LAWSUIT?**
      ☒  Yes
      ☐  No

VI.    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
      ☒  No
      ☐  Yes – If "yes" list all related cases by name, case number and court:

VII.    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
      ☒  Yes
      ☐  No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature s/ Alyson Michelle Laderman          FL Bar No.: 0657980
    Attorney or party                                                              (Bar number, if attorney)

    Alyson Michelle Laderman      12/29/2017
    (Type or print name)                                      Date

Filing # 65922724 E-Filed 12/29/2017 11:33:44 AM

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT IN AND
FOR ORANGE COUNTY, FLORIDA

HANDS ON CHIROPRACTIC PL A/A/O      CASE NO.:
DEBRA A. COMBS,

                                     JUDGE:
                PLAINTIFF,

v.

PROGRESSIVE   SELECT   INSURANCE
COMPANY,

                DEFENDANT.
_____/

## CIVIL COVER SHEET

**II. TYPE OF CASE**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence – other
   ☐ Business governance
   ☐ Business torts
   ☐ Environmental/Toxic tort
   ☐ Third party indemnification
   ☐ Construction defect
   ☐ Mass tort
   ☐ Negligent security
   ☐ Nursing home negligence
   ☐ Premises liability – commercial
   ☐ Premises liability – residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
   ☐ Commercial foreclosure $0 - $50,000
   ☐ Commercial foreclosure $50,001 - $249,999
   ☐ Commercial foreclosure $250,000 or more
   ☐ Homestead residential foreclosure $0 – 50,000
   ☐ Homestead residential foreclosure $50,001 -$249,999
   ☐ Homestead residential foreclosure $250,000 or more
   ☐ Non-homestead residential foreclosure $0 - $50,000
      ☐ Non-homestead residential foreclosure $50,001 - $249,999

☐ Non-homestead residential foreclosure $250,00 or more
☐ Other real property actions $0 - $50,000
☐ Other real property actions $50,001 - $249,999
☐ Other real property actions $250,000 or more
☐ Professional malpractice
☐ Malpractice – business
☐ Malpractice – medical
☐ Malpractice – other professional
☒ Other
   ☐ Antitrust/Trade Regulation
   ☐ Business Transaction
   ☐ Circuit Civil - Not Applicable
   ☐ Constitutional challenge-statute or ordinance
   ☐ Constitutional challenge-proposed amendment
   ☐ Corporate Trusts
   ☐ Discrimination-employment or other
   ☒ Insurance claims
   ☐ Intellectual property
   ☐ Libel/Slander
   ☐ Shareholder derivative action
   ☐ Securities litigation
   ☐ Trade secrets
   ☐ Trust litigation

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**III. REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Non-monetary declaratory or injunctive relief;
☐ Punitive

**IV. NUMBER OF CAUSES OF ACTION: ( )**
(2) Breach of Contract and Declaratory Relief

**V. IS THIS CASE A CLASS ACTION LAWSUIT?**
☒ Yes
☐ No

**VI. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ No
☐ Yes – If "yes" list all related cases by name, case number and court:

**VII. IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ Yes
☐ No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425 on Friday, December 29, 2017.

| | |
|---|---|
| */s/ Lawrence M. Kopelman* | */s/ Alyson M. Laderman* . |
| LAWRENCE M. KOPELMAN, P.A. | THE ORLANDO LAW GROUP, P.L. |
| Lawrence M. Kopelman | Alyson M. Laderman |
| Florida Bar No. 288845 | Florida Bar No. 657980 |
| LMK@kopelblank.com | P: ALaderman@theorlandolawgroup.com |
| One West Las Olas Blvd., Suite 500 | S: MAcevedo@theorlandolawgroup.com |
| Fort Lauderdale, FL  33301 | 12301 Lake Underhill Road, Suite 213 |
| Telephone: (954) 462-6855 | Orlando, FL 32828 |
| Facsimile:(954) 525-4300 | Telephone: (407) 512-4394 |
| | Facsimile: (407) 955-4654 |

Filing # 65922724 E-Filed 12/29/2017 11:33:44 AM

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT IN AND
FOR ORANGE COUNTY, FLORIDA

CASE NO.:

CLASS REPRESENTATION

HANDS ON CHIROPRACTIC PL A/A/O
DEBRA A. COMBS,

      PLAINTIFF,

v.

PROGRESSIVE SELECT INSURANCE
COMPANY,

      DEFENDANT.

_____/

## CLASS ACTION COMPLAINT

Plaintiff, HANDS ON CHIROPRACTIC PL A/A/O DEBRA A. COMBS, sues

Defendant, PROGRESSIVE SELECT INSURANCE COMPANY, and alleges as follows:

### JURISDICTION, PARTIES AND VENUE

1.    This is an action asserting class action claims for declaratory relief and

damages pursuant to Florida Rules of Civil Procedure 1.220(b)(1)(A) and/or 1.220(b)(2)

and Florida Statutes Chapter 86.  This Court has subject matter jurisdiction over this

action because this is a class action and the aggregate amount in controversy exceeds

$15,000.00, exclusive of attorneys' fees, interest, and costs.

2.     Plaintiff HANDS ON CHIROPRACTIC PL A/A/O DEBRA A. COMBS ("Plaintiff") is a Florida corporation authorized to do business and doing business in Orange County, Florida.

3.     Defendant PROGRESSIVE SELECT INSURANCE COMPANY ("Progressive") is a foreign profit corporation authorized to transact and transacting insurance business in Orange County, Florida, and at all times material hereto provided no-fault insurance coverage throughout the State of Florida.

4.     Venue is proper in Orange County, Florida because the Defendant has offices for transaction of its customary business in Orange County, Florida.

5.     All conditions precedent to the bringing of this claim have been performed.

### FACTUAL BACKGROUND

6.     At all times material hereto, Debra A. Combs ("Combs") was insured under a Progressive policy of insurance, Policy Number 904231654, a copy of which is in the possession of Progressive.

7.     At all times material hereto, Progressive claims that its policy contained a notice pursuant to Fla. Stat. § 627.736(5)(a)(5) that it would limit payment pursuant to the fee schedules set forth in Fla. Stat. § 627.736(5)(a)(5) (the "Schedule of Maximum Charges").

8.     On or about December 13, 2015, Combs was involved in a motor vehicle accident resulting in bodily injuries to his person.

9.      As a direct and proximate result of his injuries, Combs received treatment from Plaintiff, which provided reasonable, related and necessary medical services to Combs.

10.      At all times material hereto, Plaintiff was an assignee pursuant to Assignments of Benefits.  A true and correct copy of the Assignment of Benefits is in the possession of Progressive.

11.      Plaintiff submitted to Progressive claims for its services rendered pursuant to the Assignment of Benefits.

12.      In some instances, the charges for services rendered by Plaintiff were less than the amount allowed under the Schedule of Maximum Charges (the "Lesser Charges").

13.      In response to the Lesser Charges submitted by Plaintiff, rather than pay the full amount of the Lesser Charges submitted or 80% of the Schedule of Maximum Charges, Progressive paid 80% of the Lesser Charges.

14.      Upon information and belief, for all claims similarly situated, where the provider has submitted a charge to Progressive for an amount less that the amount allowed by the Schedule of Maximum Charges, Progressive has failed to pay the full amount of the charge or 80% of the Schedule of Maximum Charges, and instead has paid only 80% of the charge submitted.

15.     Plaintiff, on behalf of itself and all others similarly situated, seeks a determination of its rights under the Policies, and Florida Statutes § 627.736(5)(a)5 (2016), and declaratory relief pursuant to Chapter 86.

## PERSONAL INJURY PROTECTION

16.     Since the 1970's, Florida has operated under a "no-fault" system for automobile insurance. Owners are required to secure "personal injury protection" or "PIP" coverage which provides a minimum of $10,000.00 in combined medical expense and lost wage coverage.

17.     On or about January 1, 2008, Florida law was amended to allow insurers to limit reimbursements to 80% of certain schedules of maximum charges, i.e. the Schedule of Maximum Charges. Fla. Stat. § 627.736(5)(a)2-5 (2008).

18.     Effective July 1, 2012, § 627.736 was further amended to require insurers to provide notice of the insurer's election to use the Schedule of Maximum Charges in order to limit payment to 80% of the Schedule of Maximum Charges. Further, if the Schedule of Maximum Charges are properly elected and if a provider submits a charge for less than the amount allowed by the Schedule of Maximum Charges, the insurer may pay the Lesser Charge as follows:

> [A]n insurer may limit payment as authorized by this paragraph only if the insurance policy includes a notice at the time of issuance or renewal that the insurer may limit payment pursuant to the schedule of charges specified in this paragraph. A policy form approved by the

office satisfies this requirement. *If a provider submits a charge for an amount less than the amount allowed under subparagraph 1., the insurer may pay the amount of the charge submitted.*

Fla. Stat. § 627.736(5)(a)5.

19.     At all times material hereto, Progressive claims its Policies elected to use the Schedule of Maximum Charges to limit reimbursements in accordance with Fla. Stat. § 627.736(5).

## CLASS REPRESENTATIVE ALLEGATIONS

20.     Plaintiff wishes to be designated as "Class Representative" and as Class Representative brings this action on its own behalf and on behalf of all insureds and their assignees similarly situated pursuant to Florida Rules of Civil Procedure 1.220(b)(1)(A) and/or 1.220(b)(2) in that inconsistent or varying adjudications concerning individual Members of the Class may establish incompatible standards of conduct for Progressive, and Progressive has acted or refused to act on grounds or in a manner generally applicable to all Members of the Class, thereby making this action and the relief sought appropriate to the entire Class.

21.     Members are defined as follows:

Any and all Progressive insureds, and health care providers as assignees of Progressive insureds, who submitted charges for less than the amount allowed under Fla. Stat. § 627.736(5)(a)1 and received payment of 80% of the charge rather than the full amount

of the charge submitted or 80% of the Schedule of Maximum Charges.

Plaintiff and Class Members reserve the right to amend the class definition as discovery proceeds and to conform to the evidence.

22.    **Numerosity:** Plaintiff alleges, on information and belief, that the number of Class Members is so numerous that joinder of them is impractical. Plaintiff's belief is based on the fact that Progressive sells a large amount of insurance policies in the State of Florida, that this issue has spanned the entire five-year statute of limitations and continues presently, and on information indicating that Progressive had a general business practice of paying only 80% of the charge submitted where the charge was for an amount less than the amount allowed by the Schedule of Maximum Charges.

23.    The Members of the Class will be easily ascertained through Progressive's records through discovery and will consist of all insureds and assignees of insureds who submitted a charge for an amount less than the amount allowed by the Schedule of Maximum Charges and were paid 80% of the charge submitted rather than the full amount of the charge or 80% of the Schedule of Maximum Charges.

24.    **Commonality:** There are questions of law and fact that are common to all Members of the Class. The principal common issues include:

a.    Whether Progressive is allowed to pay 80% of a charge submitted for less than the amount allowed by the Schedule of Maximum Charges, or must

reimburse the full amount of the Lesser Charge or 80% of the amount allowed by the Schedule of Maximum Charges;

b.      Whether Progressive's payment of 80% of the charge submitted, rather than the full amount of the Lesser Charge or 80% of the Schedule of Maximum Charges violates Florida law.

25.      **Typicality:** The claims of the Class Representative are typical of the claims that would be asserted by other Members of the Class in that, in proving its claims, Plaintiff will prove the claims of all Class Members. Plaintiff, and each Class Member, is an insured or assignee of an insured under a Progressive PIP policy that contains the Policy language at issue here, whose charge submitted was for less than the amount allowed by the Schedule of Maximum Charges and was paid at 80% of the charge submitted, and Plaintiff and each Class Member will seek declaratory relief to determine their rights under Progressive's Policy and Florida law. All Class Members, like the Plaintiff, were similarly injured by Progressive's conduct.

26.      **Adequacy:** The Class Representative is a health care provider and assignee of benefits of an insured of Progressive, doing business in Orange County, Florida, which has no interest that conflicts with, or is otherwise antagonistic to, the interests of other Class Members. Plaintiff will fairly and adequately protect and represent the interests of each Member of the Class. Additionally, the Class Representative is fully aware of its responsibility as Class Representative and has retained experienced counsel fully capable

of, and intent upon, vigorously pursuing the action.   Class counsel has extensive experience in class and/or insurance claims and litigation.

27.    The questions of law or fact common to the Class Representative's claims and the claim of each Member of the Class as described above predominate over any questions of law or fact affecting only individual Members of the Class.  Moreover, class representation is clearly superior to other available methods for resolving the Plaintiff's and Class Members' claims.  Judicial economy is well served by concentrating all of the Class Members' claims in one forum in one proceeding.   No undue management difficulties mitigate against class action treatment of this case.   Additionally, Progressive's actions are generally applicable to the Class as a whole thereby making declaratory relief to the entire Class particularly appropriate.

## COUNT I - DECLARATORY RELIEF

28.    The Class Representative realleges paragraphs 1 through 27 above as if specifically set forth herein.

29.    Plaintiff and each Class Member have submitted a charge to Progressive for an amount less than the amount allowed under Fla. Stat. § 627.736(5)(a)1, and have received payment of 80% of the charge.

30.    At all times material hereto, Progressive claims its Policy elected to limit payment pursuant to the Schedule of Maximum Charges set forth in Fla. Stat. § 627.736(5).

31.     At all times material hereto, Fla. Stat. § 627.736(5)(a)5 provided that where an insurer has elected to limit payment pursuant to the Schedule of Maximum Charges, if a provider submits a charge for an amount less than the amount allowed by § 627.736(5)(a)1, "the insurer may pay the amount of the charge submitted," rather than paying 80% of the Schedule of Maximum Charges.

32.     Despite the clear and unambiguous language of Fla. Stat. § 627.736(5)(a)5, where a provider submits to Progressive a charge for less than the amount allowed under Fla. Stat. § 627.736(5)(a)1, Progressive does not pay the full amount of the charge submitted or 80% of the Schedule of Maximum Charges, but instead pays only 80% of the charge submitted.

33.     Plaintiff, on behalf of itself and Class Members, is in doubt as to its rights under Florida Statutes § 627.736(5)(a)5, and requests that this Court declare its rights and obligations under the foregoing statute.

34.     There is a bona fide, actual, present, practical need for the Court to declare if Progressive's payment of only 80% of charges submitted for less than the amount allowed under the Schedule of Maximum Charges is permitted under Florida law.

35.     Plaintiff and the Class Members have an interest adverse to Progressive and the declaration requested deals with a present ascertainable state of facts as presented in the allegations set forth above.

36.     There is an actual controversy between Progressive and Plaintiff and all Class Members concerning the application of Florida law and construction of the Policy provisions under which Plaintiff and the Class are beneficiaries and/or assignees of insureds.

37.     Plaintiff has retained the undersigned counsel to prosecute this action and is entitled to the recovery of its reasonable attorneys' fees and costs pursuant to Fla. Stat. §§ 627.428 and/or 627.736(8).

## COUNT II - BREACH OF CONTRACT

38.     Plaintiff and the Class Members reallege paragraphs 1 through 27 above as if specifically set forth herein.

39.     This is an action by Plaintiff and the Class Members against Progressive for unpaid no-fault benefits due pursuant to Fla. Stat. § 627.736(5)(a)5 as a result of Progressive's improper payment of charges to reduce benefits paid.

40.     Progressive's Policies constitute contracts of insurance between Progressive and Plaintiff and the Class Members.

41.     Progressive breached the contracts with Plaintiff and the Class Members by paying only 80% of the charges where the charges submitted were for less than the amounts allowed by the Schedule of Maximum Charges, rather than paying the full amount of the Lesser Charges or 80% of the Schedule of Maximum Charges.

42.     As a result of Progressive's aforesaid breach, Plaintiff and the Class Members have been damaged in the amount of lost benefits.

43.     As a result of Progressive's overdue payments, Plaintiff and the Class Members are entitled to interest pursuant to Fla. Stat. § 627.736(4)(d).

44.     Plaintiff has retained the undersigned counsel to prosecute this action and is entitled to the recovery of its reasonable attorneys' fees and costs pursuant to Fla. Stat. §§ 627.428 and/or 627.736(8).

WHEREFORE, Plaintiff HANDS ON CHIROPRACTIC PL A/A/O DEBRA A. COMBS respectfully requests this Court order the following relief against the Defendant PROGRESSIVE SELECT INSURANCE COMPANY:

A.     Finding that this action satisfies the prerequisites for maintenance as a Class Action set forth in Florida Rules of Civil Procedure 1.220(b)(1)(A) and/or 1.220(b)(2);

B.     Designating Plaintiff as Representative of the Class and its counsel as Class Counsel;

C.     Entering a judgment in favor of Plaintiff and the Class Members and against Progressive as follows:

1.     Certifying that this case is properly maintainable as a Class Action under Florida Rules of Civil Procedure 1.220(b)(1)(A) and/or 1.220(b)(2);

2.     As to Count I,

a.     Declaring that Florida law and Progressive's Policy require Progressive to pay the full amount of charges submitted or 80% of the Schedule of Maximum Charges, where the charges submitted are for less than the amounts allowed pursuant to Fla. Stat. § 627.736(5)(a)1;

b.     Declaring that Progressive breached its Policies by paying only 80% of the charges submitted where the charges submitted were for less than the amounts allowed pursuant to Fla. Stat. § 627.736(5)(a)1;

c.     Declaring that Progressive violated Florida law by paying only 80% of the charges submitted where the charges submitted were for less than the amounts allowed pursuant to Fla. Stat. § 627.736(5)(a)1;

3.     As to Count II, for damages in the amount of 20% of the charges submitted, or the difference between 80% of the Schedule of Maximum Charges and 80% of the charges submitted;

4.     Requiring Progressive to pay Plaintiff's reasonable attorneys' fees and costs pursuant to Fla. Stat. §§ 627.428 and/or 627.736(8); and

5.     Granting such further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of itself and the Class Members, demands a trial by jury of all issues so triable.

Dated this Friday, December 29, 2017.

Respectfully submitted,


/s/ Lawrence M. Kopelman
LAWRENCE M. KOPELMAN, P.A.
Lawrence M. Kopelman
Florida Bar No. 288845
LMK@kopelblank.com
One West Las Olas Blvd., Suite 500
Fort Lauderdale, FL   33301
Telephone: (954) 462-6855
Facsimile:(954) 525-4300

/s/ Alyson M. Laderman              .
THE ORLANDO LAW GROUP, P.L.
Alyson M. Laderman
Florida Bar No. 657980
P: ALaderman@theorlandolawgroup.com
S: MAcevedo@theorlandolawgroup.com
12301 Lake Underhill Road, Suite 213
Orlando, FL 32828
Telephone: (407) 512-4394
Facsimile: (407) 955-4654

Filing # 65922724 E-Filed 12/29/2017 11:33:44 AM

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT, IN AND
FOR ORANGE COUNTY, FLORIDA

CASE NO.  2017-CA-11229

CLASS REPRESENTATION

HANDS ON CHIROPRACTIC PL A/A/O
DEBRA COMBS,

        Plaintiff,

vs.

PROGRESSIVE SELECT INSURANCE
COMPANY,

        Defendant.

_____/

## SUMMONS: PERSONAL SERVICE ON A CORPORATION
### ORDEN DE COMPARECENCIA: SERVICIO PERSONAL EN UN INDIVIDUO
### CITATION: L'ASSIGNATION PERSONAL SUR UN INDIVIDUEL

**TO:**  **PROGRESSIVE SELECT INSURANCE COMPANY**
      **c/o Florida Chief Financial Officer as RA**
      **200 East Gaines Street**
      **Tallahassee, FL 32399-4201**

### IMPORTANT

    A lawsuit has been filed against you.  You have twenty (20) calendar days after this Summons is served on you to file a written response to the attached Complaint with the Clerk of this Court.  A phone call will not protect you.  Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court.  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

    If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney", **Alyson Laderman, Esquire, The Orlando Law Group, PL, 12301 Lake Underhill Road, Suite 213, Orlando, Florida 32828.**

### IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante), **Alyson Laderman, Esquire, The Orlando Law Group, PL, 12301 Lake Underhill Road, Suite 213, Orlando, Florida 32828.**

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez vingt (20) jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous, **Alyson Laderman, Esquire, The Orlando Law Group, PL, 12301 Lake Underhill Road, Suite 213, Orlando, Florida 32828.**

**THE STATE OF FLORIDA**

TO EACH SHERIFF OF THE STATE: You are commanded to serve this summons and a copy of the complaint in this lawsuit on the above-named person.

DATED: ___January 4, 2018___              (SEAL)



CLERK OF THE COURT
Tiffany Moore Russell
By: s/ Lisa Geib, Deputy Clerk
2018.01.04 13:06:59 -05'00'
_____
                                    Deputy Clerk

Civil Division
425 N. Orange Avenue
Room 310
Orlando, Florida 32801

**If you are a person with a disability who needs any accommodation in order to participate in a court proceeding or event, you are entitled, at no cost to you, to the provision of certain assistance. Please contact: in Orange County, ADA Coordinator, Human Resources, Orange County Courthouse, 425 N. Orange Avenue, Suite 510, Orlando, Florida, (407) 836-2303, fax: 407-836-2204 at least 7 days before your scheduled court appearance, or immediately upon receiving notification if the time before the scheduled court appearance is less than 7 days. If you are hearing or voice impaired, call 711 to reach the Telecommunications Relay Service.**

Filing # 67362673 E-Filed 02/01/2018 10:47:35 AM

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT IN AND
FOR ORANGE COUNTY, FLORIDA

CASE NO.: 2017-CA-011229

CLASS REPRESENTATION

HANDS ON CHIROPRACTIC PL A/A/O
SAMANTHA SCHURR,

     PLAINTIFF,

v.

PROGRESSIVE   SELECT   INSURANCE
COMPANY,

     DEFENDANT.

_____/

## AMENDED CLASS ACTION COMPLAINT

    Plaintiff, HANDS ON CHIROPRACTIC PL A/A/O SAMANTHA SCHURR, sues

Defendant, PROGRESSIVE SELECT INSURANCE COMPANY, and alleges as follows:

## JURISDICTION, PARTIES AND VENUE

    1.    This is an action asserting class action claims for declaratory relief and

damages pursuant to Florida Rules of Civil Procedure 1.220(b)(1)(A) and/or 1.220(b)(2)

and Florida Statutes Chapter 86.  This Court has subject matter jurisdiction over this

action because this is a class action and the aggregate amount in controversy exceeds

$15,000.00, exclusive of attorneys' fees, interest, and costs.

2.      Plaintiff HANDS ON CHIROPRACTIC PL A/A/O SAMANTHA SCHURR ("Plaintiff") is a Florida corporation authorized to do business and doing business in Orange County, Florida.

3.      Defendant   PROGRESSIVE   SELECT   INSURANCE   COMPANY ("Progressive") is a foreign profit corporation authorized to transact and transacting insurance business in Orange County, Florida, and at all times material hereto provided no-fault insurance coverage throughout the State of Florida.

4.      Venue is proper in Orange County, Florida because the Defendant has offices for transaction of its customary business in Orange County, Florida.

5.      All conditions precedent to the bringing of this claim have been performed.

### FACTUAL BACKGROUND

6.      At all times material hereto, SAMANTHA SCHURR ("Schurr") was insured under a Progressive policy of insurance issued to Lisa Schurr, a copy of which is in the possession of Progressive.

7.      At all times material hereto, Progressive claims that its policy contained a notice pursuant to Fla. Stat. § 627.736(5)(a)(5) that it would limit payment pursuant to the fee schedules set forth in Fla. Stat. § 627.736(5)(a)(5) (the "Schedule of Maximum Charges").

8.      On or about March 5, 2014, Schurr was involved in a motor vehicle accident resulting in bodily injuries to her person.

9. As a direct and proximate result of her injuries, Schurr received treatment from Plaintiff, which provided reasonable, related and necessary medical services to Schurr.

10. At all times material hereto, Plaintiff was an assignee pursuant to Assignments of Benefits. A true and correct copy of the Assignment of Benefits is in the possession of Progressive.

11. Plaintiff submitted to Progressive claims for its services rendered pursuant to the Assignment of Benefits.

12. In some instances, the charges for services rendered by Plaintiff were less than the amount allowed under the Schedule of Maximum Charges (the "Lesser Charges").

13. In response to the Lesser Charges submitted by Plaintiff, rather than pay the full amount of the Lesser Charges submitted or 80% of the Schedule of Maximum Charges, Progressive paid 80% of the Lesser Charges.

14. Upon information and belief, for all claims similarly situated, where the provider has submitted a charge to Progressive for an amount less that the amount allowed by the Schedule of Maximum Charges, Progressive has failed to pay the full amount of the charge or 80% of the Schedule of Maximum Charges, and instead has paid only 80% of the charge submitted.

15.    Plaintiff, on behalf of itself and all others similarly situated, seeks a determination of its rights under the Policies, and Florida Statutes § 627.736(5)(a)5 (2016), and declaratory relief pursuant to Chapter 86.

<u>PERSONAL INJURY PROTECTION</u>

16.    Since the 1970's, Florida has operated under a "no-fault" system for automobile insurance.  Owners are required to secure "personal injury protection" or "PIP" coverage which provides a minimum of $10,000.00 in combined medical expense and lost wage coverage.

17.    On or about January 1, 2008, Florida law was amended to allow insurers to limit reimbursements to 80% of certain schedules of maximum charges, i.e. the Schedule of Maximum Charges.  Fla. Stat. § 627.736(5)(a)2-5 (2008).

18.    Effective July 1, 2012, § 627.736 was further amended to require insurers to provide notice of the insurer's election to use the Schedule of Maximum Charges in order to limit payment to 80% of the Schedule of Maximum Charges.  Further, if the Schedule of Maximum Charges are properly elected and if a provider submits a charge for less than the amount allowed by the Schedule of Maximum Charges, the insurer may pay the Lesser Charge as follows:

> [A] n insurer may limit payment as authorized by this paragraph only if the insurance policy includes a notice at the time of issuance or renewal that the insurer may limit payment pursuant to the schedule of charges specified in this paragraph. A policy form approved by the

office satisfies this requirement. *If a provider submits a charge for an amount less than the amount allowed under subparagraph 1., the insurer may pay the amount of the charge submitted.*

Fla. Stat. § 627.736(5)(a)5.

19.     At all times material hereto, Progressive claims its Policies elected to use the Schedule of Maximum Charges to limit reimbursements in accordance with Fla. Stat. § 627.736(5).

## CLASS REPRESENTATIVE ALLEGATIONS

20.     Plaintiff wishes to be designated as "Class Representative" and as Class Representative brings this action on its own behalf and on behalf of all insureds and their assignees similarly situated pursuant to Florida Rules of Civil Procedure 1.220(b)(1)(A) and/or 1.220(b)(2) in that inconsistent or varying adjudications concerning individual Members of the Class may establish incompatible standards of conduct for Progressive, and Progressive has acted or refused to act on grounds or in a manner generally applicable to all Members of the Class, thereby making this action and the relief sought appropriate to the entire Class.

21.     Members are defined as follows:

Any and all Progressive insureds, and health care providers as assignees of Progressive insureds, who submitted charges for less than the amount allowed under Fla. Stat. § 627.736(5)(a)1 and received payment of 80% of the charge rather than the full amount

of the charge submitted or 80% of the Schedule of Maximum
Charges.

Plaintiff and Class Members reserve the right to amend the class definition as discovery

proceeds and to conform to the evidence.

22.     **Numerosity:** Plaintiff alleges, on information and belief, that the number of

Class Members is so numerous that joinder of them is impractical.  Plaintiff's belief is

based on the fact that Progressive sells a large amount of insurance policies in the State

of Florida, that this issue has spanned the entire five-year statute of limitations and

continues presently, and on information indicating that Progressive had a general

business practice of paying only 80% of the charge submitted where the charge was for

an amount less than the amount allowed by the Schedule of Maximum Charges.

23.     The Members of the Class will be easily ascertained through Progressive's

records through discovery and will consist of all insureds and assignees of insureds who

submitted a charge for an amount less than the amount allowed by the Schedule of

Maximum Charges and were paid 80% of the charge submitted rather than the full

amount of the charge or 80% of the Schedule of Maximum Charges.

24.     **Commonality:** There are questions of law and fact that are common to all

Members of the Class.  The principal common issues include:

a.      Whether Progressive is allowed to pay 80% of a charge submitted for

less than the amount allowed by the Schedule of Maximum Charges, or must

reimburse the full amount of the Lesser Charge or 80% of the amount allowed by the Schedule of Maximum Charges;

b.      Whether Progressive's payment of 80% of the charge submitted, rather than the full amount of the Lesser Charge or 80% of the Schedule of Maximum Charges violates Florida law.

25.      **Typicality:** The claims of the Class Representative are typical of the claims that would be asserted by other Members of the Class in that, in proving its claims, Plaintiff will prove the claims of all Class Members. Plaintiff, and each Class Member, is an insured or assignee of an insured under a Progressive PIP policy that contains the Policy language at issue here, whose charge submitted was for less than the amount allowed by the Schedule of Maximum Charges and was paid at 80% of the charge submitted, and Plaintiff and each Class Member will seek declaratory relief to determine their rights under Progressive's Policy and Florida law. All Class Members, like the Plaintiff, were similarly injured by Progressive's conduct.

26.      **Adequacy:** The Class Representative is a health care provider and assignee of benefits of an insured of Progressive, doing business in Orange County, Florida, which has no interest that conflicts with, or is otherwise antagonistic to, the interests of other Class Members. Plaintiff will fairly and adequately protect and represent the interests of each Member of the Class. Additionally, the Class Representative is fully aware of its responsibility as Class Representative and has retained experienced counsel fully capable

of, and intent upon, vigorously pursuing the action.   Class counsel has extensive

experience in class and/or insurance claims and litigation.

27.     The questions of law or fact common to the Class Representative's claims

and the claim of each Member of the Class as described above predominate over any

questions of law or fact affecting only individual Members of the Class.   Moreover, class

representation is clearly superior to other available methods for resolving the Plaintiff's

and Class Members' claims.   Judicial economy is well served by concentrating all of the

Class Members' claims in one forum in one proceeding.   No undue management

difficulties mitigate against class action treatment of this case.   Additionally,

Progressive's actions are generally applicable to the Class as a whole thereby making

declaratory relief to the entire Class particularly appropriate.

<u>**COUNT I - DECLARATORY RELIEF**</u>

28.     The Class Representative realleges paragraphs 1 through 27 above as if

specifically set forth herein.

29.     Plaintiff and each Class Member have submitted a charge to Progressive for

an amount less than the amount allowed under Fla. Stat. § 627.736(5)(a)1, and have

received payment of 80% of the charge.

30.     At all times material hereto, Progressive claims its Policy elected to limit

payment pursuant to the Schedule of Maximum Charges set forth in Fla. Stat. § 627.736(5).

31.     At all times material hereto, Fla. Stat. § 627.736(5)(a)5 provided that where an insurer has elected to limit payment pursuant to the Schedule of Maximum Charges, if a provider submits a charge for an amount less than the amount allowed by § 627.736(5)(a)1, "the insurer may pay the amount of the charge submitted," rather than paying 80% of the Schedule of Maximum Charges.

32.     Despite the clear and unambiguous language of Fla. Stat. § 627.736(5)(a)5, where a provider submits to Progressive a charge for less than the amount allowed under Fla. Stat. § 627.736(5)(a)1, Progressive does not pay the full amount of the charge submitted or 80% of the Schedule of Maximum Charges, but instead pays only 80% of the charge submitted.

33.     Plaintiff, on behalf of itself and Class Members, is in doubt as to its rights under Florida Statutes § 627.736(5)(a)5, and requests that this Court declare its rights and obligations under the foregoing statute.

34.     There is a bona fide, actual, present, practical need for the Court to declare if Progressive's payment of only 80% of charges submitted for less than the amount allowed under the Schedule of Maximum Charges is permitted under Florida law.

35.     Plaintiff and the Class Members have an interest adverse to Progressive and the declaration requested deals with a present ascertainable state of facts as presented in the allegations set forth above.

36.     There is an actual controversy between Progressive and Plaintiff and all Class Members concerning the application of Florida law and construction of the Policy provisions under which Plaintiff and the Class are beneficiaries and/or assignees of insureds.

37.     Plaintiff has retained the undersigned counsel to prosecute this action and is entitled to the recovery of its reasonable attorneys' fees and costs pursuant to Fla. Stat. §§ 627.428 and/or 627.736(8).

WHEREFORE, Plaintiff HANDS ON CHIROPRACTIC PL A/A/O SAMANTHA SCHURR respectfully requests this Court order the following relief against the Defendant PROGRESSIVE SELECT INSURANCE COMPANY:

A.      Finding that this action satisfies the prerequisites for maintenance as a Class Action set forth in Florida Rules of Civil Procedure 1.220(b)(1)(A) and/or 1.220(b)(2);

B.      Designating Plaintiff as Representative of the Class and its counsel as Class Counsel;

C.      Entering a judgment in favor of Plaintiff and the Class Members and against Progressive as follows:

1.      Certifying that this case is properly maintainable as a Class Action under Florida Rules of Civil Procedure 1.220(b)(1)(A) and/or 1.220(b)(2);

2.      As to Count I,

a.      Declaring that Florida law and Progressive's Policy require Progressive to pay the full amount of charges submitted or 80% of the Schedule of Maximum Charges, where the charges submitted are for less than the amounts allowed pursuant to Fla. Stat. § 627.736(5)(a)1;

b.      Declaring that Progressive breached its Policies by paying only 80% of the charges submitted where the charges submitted were for less than the amounts allowed pursuant to Fla. Stat. § 627.736(5)(a)1;

c.      Declaring that Progressive violated Florida law by paying only 80% of the charges submitted where the charges submitted were for less than the amounts allowed pursuant to Fla. Stat. § 627.736(5)(a)1;

3.      Requiring Progressive to pay Plaintiff's reasonable attorneys' fees and costs pursuant to Fla. Stat. §§ 627.428 and/or 627.736(8); and

4.      Granting such further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of itself and the Class Members, demands a trial by jury of all issues so triable.

Dated this 1st day of February 2018.

Respectfully submitted,

/s/ Lawrence M. Kopelman
LAWRENCE M. KOPELMAN, P.A.

Lawrence M. Kopelman
Florida Bar No. 288845
LMK@kopelblank.com
One West Las Olas Blvd., Suite 500
Fort Lauderdale, FL   33301
Telephone: (954) 462-6855
Facsimile:(954) 525-4300

/s/ *Alyson M. Laderman*          .
THE ORLANDO LAW GROUP, P.L.
Alyson M. Laderman
Florida Bar No. 657980
P: ALaderman@theorlandolawgroup.com
S: MAcevedo@theorlandolawgroup.com
940 Centre Circle, Suite 3002
Altamonte Springs, FL 32714
Telephone: (407) 512-4394
Facsimile: (407) 955-4654

Filing # 67375297 E-Filed 02/01/2018 12:55:56 PM

CHIEF FINANCIAL OFFICER
JIMMY PATRONIS
STATE OF FLORIDA

| | | |
|---|---|---|
| HANDS ON CHIROPRACTIC PL A/A/O DEBRA COMBS | **CASE #:** | **2017-CA-11229** |
| | **COURT:** | **CIRCUIT COURT** |
| | **COUNTY:** | **ORANGE** |
| PLAINTIFF(S) | **DFS-SOP #:** | **18-000004013** |

VS.

PROGRESSIVE SELECT INSURANCE COMPANY

DEFENDANT(S)
_____/

SUMMONS, COMPLAINT

## <u>NOTICE OF SERVICE OF PROCESS</u>

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the State of Florida. Said  process was received in my office by ELECTRONIC DELIVERY on Friday, January 5, 2018 and a copy was forwarded by ELECTRONIC DELIVERY on Tuesday, January 9, 2018 to the designated agent for the named entity as shown below.

PROGRESSIVE SELECT INSURANCE COMPANY
DONNA MOCH
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324

\*Our office will only serve the initial process(Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent fillings, pleadings, or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080

*Jimmy Patronis*

Jimmy Patronis
Chief Financial Officer

ALYSON M. LADERMAN
PARTNER
THE ORLANDO LAW GROUP
12301 LAKE UNDERHILL ROAD
SUITE 213
ORLANDO, FL 32828

KAJ