Filing # 67362673 E-Filed 02/01/2018 10:47:35 AM

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT IN AND FOR ORANGE COUNTY, FLORIDA

CASE NO.: 2017-CA-011229

CLASS REPRESENTATION

HANDS ON CHIROPRACTIC PL A/A/O SAMANTHA SCHURR,

    PLAINTIFF,

v.

PROGRESSIVE SELECT INSURANCE COMPANY,

    DEFENDANT.

_____/

## AMENDED CLASS ACTION COMPLAINT

Plaintiff, HANDS ON CHIROPRACTIC PL A/A/O SAMANTHA SCHURR, sues Defendant, PROGRESSIVE SELECT INSURANCE COMPANY, and alleges as follows:

### JURISDICTION, PARTIES AND VENUE

1. This is an action asserting class action claims for declaratory relief and damages pursuant to Florida Rules of Civil Procedure 1.220(b)(1)(A) and/or 1.220(b)(2) and Florida Statutes Chapter 86. This Court has subject matter jurisdiction over this action because this is a class action and the aggregate amount in controversy exceeds $15,000.00, exclusive of attorneys' fees, interest, and costs.

2. Plaintiff HANDS ON CHIROPRACTIC PL A/A/O SAMANTHA SCHURR ("Plaintiff") is a Florida corporation authorized to do business and doing business in Orange County, Florida.

3. Defendant PROGRESSIVE SELECT INSURANCE COMPANY ("Progressive") is a foreign profit corporation authorized to transact and transacting insurance business in Orange County, Florida, and at all times material hereto provided no-fault insurance coverage throughout the State of Florida.

4. Venue is proper in Orange County, Florida because the Defendant has offices for transaction of its customary business in Orange County, Florida.

5. All conditions precedent to the bringing of this claim have been performed.

## FACTUAL BACKGROUND

6. At all times material hereto, SAMANTHA SCHURR ("Schurr") was insured under a Progressive policy of insurance issued to Lisa Schurr, a copy of which is in the possession of Progressive.

7. At all times material hereto, Progressive claims that its policy contained a notice pursuant to Fla. Stat. § 627.736(5)(a)(5) that it would limit payment pursuant to the fee schedules set forth in Fla. Stat. § 627.736(5)(a)(5) (the "Schedule of Maximum Charges").

8. On or about March 5, 2014, Schurr was involved in a motor vehicle accident resulting in bodily injuries to her person.

9. As a direct and proximate result of her injuries, Schurr received treatment from Plaintiff, which provided reasonable, related and necessary medical services to Schurr.

10. At all times material hereto, Plaintiff was an assignee pursuant to Assignments of Benefits. A true and correct copy of the Assignment of Benefits is in the possession of Progressive.

11. Plaintiff submitted to Progressive claims for its services rendered pursuant to the Assignment of Benefits.

12. In some instances, the charges for services rendered by Plaintiff were less than the amount allowed under the Schedule of Maximum Charges (the "Lesser Charges").

13. In response to the Lesser Charges submitted by Plaintiff, rather than pay the full amount of the Lesser Charges submitted or 80% of the Schedule of Maximum Charges, Progressive paid 80% of the Lesser Charges.

14. Upon information and belief, for all claims similarly situated, where the provider has submitted a charge to Progressive for an amount less that the amount allowed by the Schedule of Maximum Charges, Progressive has failed to pay the full amount of the charge or 80% of the Schedule of Maximum Charges, and instead has paid only 80% of the charge submitted.

15. Plaintiff, on behalf of itself and all others similarly situated, seeks a determination of its rights under the Policies, and Florida Statutes § 627.736(5)(a)5 (2016), and declaratory relief pursuant to Chapter 86.

## **PERSONAL INJURY PROTECTION**

16. Since the 1970's, Florida has operated under a "no-fault" system for automobile insurance. Owners are required to secure "personal injury protection" or "PIP" coverage which provides a minimum of $10,000.00 in combined medical expense and lost wage coverage.

17. On or about January 1, 2008, Florida law was amended to allow insurers to limit reimbursements to 80% of certain schedules of maximum charges, i.e. the Schedule of Maximum Charges. Fla. Stat. § 627.736(5)(a)2-5 (2008).

18. Effective July 1, 2012, § 627.736 was further amended to require insurers to provide notice of the insurer's election to use the Schedule of Maximum Charges in order to limit payment to 80% of the Schedule of Maximum Charges. Further, if the Schedule of Maximum Charges are properly elected and if a provider submits a charge for less than the amount allowed by the Schedule of Maximum Charges, the insurer may pay the Lesser Charge as follows:

> [A]n insurer may limit payment as authorized by this paragraph only if the insurance policy includes a notice at the time of issuance or renewal that the insurer may limit payment pursuant to the schedule of charges specified in this paragraph. A policy form approved by the

office satisfies this requirement. *If a provider submits a charge for an amount less than the amount allowed under subparagraph 1., the insurer may pay the amount of the charge submitted.*

Fla. Stat. § 627.736(5)(a)5.

19. At all times material hereto, Progressive claims its Policies elected to use the Schedule of Maximum Charges to limit reimbursements in accordance with Fla. Stat. § 627.736(5).

## CLASS REPRESENTATIVE ALLEGATIONS

20. Plaintiff wishes to be designated as "Class Representative" and as Class Representative brings this action on its own behalf and on behalf of all insureds and their assignees similarly situated pursuant to Florida Rules of Civil Procedure 1.220(b)(1)(A) and/or 1.220(b)(2) in that inconsistent or varying adjudications concerning individual Members of the Class may establish incompatible standards of conduct for Progressive, and Progressive has acted or refused to act on grounds or in a manner generally applicable to all Members of the Class, thereby making this action and the relief sought appropriate to the entire Class.

21. Members are defined as follows:

> Any and all Progressive insureds, and health care providers as assignees of Progressive insureds, who submitted charges for less than the amount allowed under Fla. Stat. § 627.736(5)(a)1 and received payment of 80% of the charge rather than the full amount

of the charge submitted or 80% of the Schedule of Maximum Charges.

Plaintiff and Class Members reserve the right to amend the class definition as discovery proceeds and to conform to the evidence.

22. **Numerosity**: Plaintiff alleges, on information and belief, that the number of Class Members is so numerous that joinder of them is impractical. Plaintiff's belief is based on the fact that Progressive sells a large amount of insurance policies in the State of Florida, that this issue has spanned the entire five-year statute of limitations and continues presently, and on information indicating that Progressive had a general business practice of paying only 80% of the charge submitted where the charge was for an amount less than the amount allowed by the Schedule of Maximum Charges.

23. The Members of the Class will be easily ascertained through Progressive's records through discovery and will consist of all insureds and assignees of insureds who submitted a charge for an amount less than the amount allowed by the Schedule of Maximum Charges and were paid 80% of the charge submitted rather than the full amount of the charge or 80% of the Schedule of Maximum Charges.

24. **Commonality**: There are questions of law and fact that are common to all Members of the Class. The principal common issues include:

    a. Whether Progressive is allowed to pay 80% of a charge submitted for less than the amount allowed by the Schedule of Maximum Charges, or must

reimburse the full amount of the Lesser Charge or 80% of the amount allowed by the Schedule of Maximum Charges;

b. Whether Progressive's payment of 80% of the charge submitted, rather than the full amount of the Lesser Charge or 80% of the Schedule of Maximum Charges violates Florida law.

25. **Typicality:** The claims of the Class Representative are typical of the claims that would be asserted by other Members of the Class in that, in proving its claims, Plaintiff will prove the claims of all Class Members. Plaintiff, and each Class Member, is an insured or assignee of an insured under a Progressive PIP policy that contains the Policy language at issue here, whose charge submitted was for less than the amount allowed by the Schedule of Maximum Charges and was paid at 80% of the charge submitted, and Plaintiff and each Class Member will seek declaratory relief to determine their rights under Progressive's Policy and Florida law. All Class Members, like the Plaintiff, were similarly injured by Progressive's conduct.

26. **Adequacy:** The Class Representative is a health care provider and assignee of benefits of an insured of Progressive, doing business in Orange County, Florida, which has no interest that conflicts with, or is otherwise antagonistic to, the interests of other Class Members. Plaintiff will fairly and adequately protect and represent the interests of each Member of the Class. Additionally, the Class Representative is fully aware of its responsibility as Class Representative and has retained experienced counsel fully capable

of, and intent upon, vigorously pursuing the action. Class counsel has extensive experience in class and/or insurance claims and litigation.

27. The questions of law or fact common to the Class Representative's claims and the claim of each Member of the Class as described above predominate over any questions of law or fact affecting only individual Members of the Class. Moreover, class representation is clearly superior to other available methods for resolving the Plaintiff's and Class Members' claims. Judicial economy is well served by concentrating all of the Class Members' claims in one forum in one proceeding. No undue management difficulties mitigate against class action treatment of this case. Additionally, Progressive's actions are generally applicable to the Class as a whole thereby making declaratory relief to the entire Class particularly appropriate.

### COUNT I - DECLARATORY RELIEF

28. The Class Representative realleges paragraphs 1 through 27 above as if specifically set forth herein.

29. Plaintiff and each Class Member have submitted a charge to Progressive for an amount less than the amount allowed under Fla. Stat. § 627.736(5)(a)1, and have received payment of 80% of the charge.

30. At all times material hereto, Progressive claims its Policy elected to limit payment pursuant to the Schedule of Maximum Charges set forth in Fla. Stat. § 627.736(5).

31. At all times material hereto, Fla. Stat. § 627.736(5)(a)5 provided that where an insurer has elected to limit payment pursuant to the Schedule of Maximum Charges, if a provider submits a charge for an amount less than the amount allowed by § 627.736(5)(a)1, "the insurer may pay the amount of the charge submitted," rather than paying 80% of the Schedule of Maximum Charges.

32. Despite the clear and unambiguous language of Fla. Stat. § 627.736(5)(a)5, where a provider submits to Progressive a charge for less than the amount allowed under Fla. Stat. § 627.736(5)(a)1, Progressive does not pay the full amount of the charge submitted or 80% of the Schedule of Maximum Charges, but instead pays only 80% of the charge submitted.

33. Plaintiff, on behalf of itself and Class Members, is in doubt as to its rights under Florida Statutes § 627.736(5)(a)5, and requests that this Court declare its rights and obligations under the foregoing statute.

34. There is a bona fide, actual, present, practical need for the Court to declare if Progressive's payment of only 80% of charges submitted for less than the amount allowed under the Schedule of Maximum Charges is permitted under Florida law.

35. Plaintiff and the Class Members have an interest adverse to Progressive and the declaration requested deals with a present ascertainable state of facts as presented in the allegations set forth above.

36. There is an actual controversy between Progressive and Plaintiff and all Class Members concerning the application of Florida law and construction of the Policy provisions under which Plaintiff and the Class are beneficiaries and/or assignees of insureds.

37. Plaintiff has retained the undersigned counsel to prosecute this action and is entitled to the recovery of its reasonable attorneys' fees and costs pursuant to Fla. Stat. §§ 627.428 and/or 627.736(8).

WHEREFORE, Plaintiff HANDS ON CHIROPRACTIC PL A/A/O SAMANTHA SCHURR respectfully requests this Court order the following relief against the Defendant PROGRESSIVE SELECT INSURANCE COMPANY:

A. Finding that this action satisfies the prerequisites for maintenance as a Class Action set forth in Florida Rules of Civil Procedure 1.220(b)(1)(A) and/or 1.220(b)(2);

B. Designating Plaintiff as Representative of the Class and its counsel as Class Counsel;

C. Entering a judgment in favor of Plaintiff and the Class Members and against Progressive as follows:

1. Certifying that this case is properly maintainable as a Class Action under Florida Rules of Civil Procedure 1.220(b)(1)(A) and/or 1.220(b)(2);

2. As to Count I,

      a.     Declaring that Florida law and Progressive's Policy require Progressive to pay the full amount of charges submitted or 80% of the Schedule of Maximum Charges, where the charges submitted are for less than the amounts allowed pursuant to Fla. Stat. § 627.736(5)(a)1;

      b.     Declaring that Progressive breached its Policies by paying only 80% of the charges submitted where the charges submitted were for less than the amounts allowed pursuant to Fla. Stat. § 627.736(5)(a)1;

      c.     Declaring that Progressive violated Florida law by paying only 80% of the charges submitted where the charges submitted were for less than the amounts allowed pursuant to Fla. Stat. § 627.736(5)(a)1;

      3.     Requiring Progressive to pay Plaintiff's reasonable attorneys' fees and costs pursuant to Fla. Stat. §§ 627.428 and/or 627.736(8); and

      4.     Granting such further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of itself and the Class Members, demands a trial by jury of all issues so triable.

Dated this 1st day of February 2018.

                     Respectfully submitted,

                     /s/ Lawrence M. Kopelman
                     LAWRENCE M. KOPELMAN, P.A.

Lawrence M. Kopelman
Florida Bar No. 288845
LMK@kopelblank.com
One West Las Olas Blvd., Suite 500
Fort Lauderdale, FL   33301
Telephone: (954) 462-6855
Facsimile:(954) 525-4300

*/s/ Alyson M. Laderman*            .
THE ORLANDO LAW GROUP, P.L.
Alyson M. Laderman
Florida Bar No. 657980
P: ALaderman@theorlandolawgroup.com
S: MAcevedo@theorlandolawgroup.com
940 Centre Circle, Suite 3002
Altamonte Springs, FL 32714
Telephone: (407) 512-4394
Facsimile: (407) 955-4654