# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**HANDS ON CHIROPRACTIC PL,**

      **Plaintiff,**

v.   Case No: 6:18-cv-192-Orl-37DCI

**PROGRESSIVE SELECT INSURANCE COMPANY,**

      **Defendant.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:** MOTION FOR REMAND (Doc. 7)
>
> **FILED:** March 9, 2018
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

## I.   BACKGROUND

On February 1, 2018, Plaintiff filed an Amended Complaint against Defendant in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida. Doc. 2. Therein, Plaintiff asserted a class action claim against Defendant for declaratory relief and damages. *Id*. Specifically, Plaintiff seeks, in part, a declaration that Florida law and Defendant's Policy require Defendant to pay the class members the full amount of charges submitted or 80% of the "Schedule of Maximum Charges"[1] when the charges submitted to Defendant by the class members are for

---

[1] Referring to the fee schedules set forth in Florida Statutes § 627.736(5)(a)5. Doc. 2 at 2.

less than the amounts allowed pursuant to Florida Statutes § 627.736(5)(a)1. *Id*. at 10-11. Plaintiff alleged that Defendant paid the class members 80% of the amount submitted regardless of whether the amount submitted was for less than the amount allowed pursuant to Florida Statutes § 627.736(5)(a)1. *Id*. at 3.

On February 7, 2018, Defendant filed a notice of removal (the Notice) seeking to remove the case to the United States District Court for the Middle District of Florida, Orlando Division pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, 1453. Doc. 1.

On March 9, 2018, Plaintiff filed a motion for remand (the Motion). Doc. 7. Therein, Plaintiff conceded that "there are over 100 persons in the class and that diversity exists among the parties." *Id*. at 3. But Plaintiff objected to Defendant's "conclusory allegation" that the amount-in-controversy exceeds $5,000,000.00. *Id*. Plaintiff argued that the affidavit that Defendant attached to the Notice is insufficient to carry Defendant's burden of establishing the amount-in-controversy by a preponderance of the evidence. *Id*. at 3-5. Specifically, Plaintiff argued that "there is no explanation of the number of 'Bills' referenced or a calculation of how these estimates were made." *Id*. at 4-5.

On April 5, 2018, Defendant filed a response to the Motion (the Response). Doc. 22. Defendant attached a supplemental affidavit to the Response (the Supplemental Affidavit). Doc. 22-1. The Supplemental Affidavit included additional details regarding how Defendant calculated the amount-in-controversy. *Id*. Specifically, Defendant asserted through the Supplemental Affidavit that a data analyst determined that the putative class included in excess of 500,000 bills (the Bills), and that the Bills implicate more than 1,000 unique billing providers and more than 60,000 claims. *Id*. at 2. Defendant further asserted through the Supplemental Affidavit that the face amount of the Bills totals over $50 million and, thus, that the amount-in-controversy exceeds

$10 million.[2]  Docs. 22; 22-1 at 3.  Defendant argued that the Supplemental Affidavit is sufficient to carry its burden of establishing the amount-in-controversy by a preponderance of the evidence. Doc. 22.  Plaintiff has not sought leave to file a reply.

## II.  DISCUSSION

The Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d)(2), grants federal district courts subject matter jurisdiction over class actions in which "(1) any member of the plaintiff class is a citizen of a state different from the state of citizenship of any defendant, (2) the aggregate amount in controversy exceeds $5 million, and (3) the proposed plaintiff class contains at least 100 members." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1314-15 (11th Cir. 2014). "A defendant seeking to remove a case bears the burden of proving that the federal district court has original jurisdiction." *Alilin v. State Farm Mut. Auto. Ins. Co.*, No. 6:14-cv-1183-Orl-41DAB, 2014 WL 7734262, at *2 (M.D. Fla. Jan. 30, 2014) (citing *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)).  But "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dudley v. Eli Lilly and Co.*, 778 F.3d 909, 912 (11th Cir. 2014) (quotation and citation omitted).

"Where . . . the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (citations omitted).  However, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II,*

---

[2] Because Plaintiff alleges that Defendant was paying the class members only about 80% of the amount that Defendant allegedly owed, Defendant calculated the amount-in-controversy as 20% of the face value of the Bills.  *See* Docs. 2; 7; 22; 22-1.

*Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (citations omitted).  Rather, a court may consider the evidence combined with reasonable deductions, reasonable inferences, and other reasonable extrapolations.  *See id.*; *see also S. Fla. Wellness*, 745 F.3d at 1315.  "A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later."  *Pretka*, 608 F.3d at 751 (citations omitted); *see also S. Fla. Wellness, Inc.,* 745 F.3d at 1315 ("What counts is the amount in controversy at the time of removal.").

Where a plaintiff seeks only injunctive or declaratory relief, the Eleventh Circuit has held that "[f]or amount in controversy purposes, the value of injunctive or declaratory relief is the value of the object of the litigations measured from the plaintiff's perspective."  *S. Fla. Wellness, Inc.,* 745 F.3d at 1315-16 (quotation and citation omitted) (alteration in original).  Thus, in this case, the amount-in-controversy would be equal to the amount that Defendant allegedly underpaid the putative class (i.e., approximately 20% of the face value of the Bills).

Upon review, the undersigned finds that Defendant carried its burden of establishing by a preponderance of the evidence that the amount-in-controversy exceeds the jurisdictional amount.  Defendant, with the assistance of a data analyst, identified the putative class members, identified the bills at issue, identified the face value of those bills, and demonstrated to the Court that 20% of the face value of the Bills exceeds the jurisdictional amount by more than double.  *See* Doc. 22-1.  And Plaintiff provided no evidence to rebut the Supplemental Affidavit or Defendant's calculations.  Under these facts, Defendant carried its burden.  *See S. Fla. Wellness, Inc.,* 745 F.3d at 1314-16 (finding under similar facts that the defendant carried its burden of establishing that the amount-in-controversy exceeded the jurisdictional amount).

### III. CONCLUSION

For the reasons stated above, it is respectfully **RECOMMENDED** that:

1. The Motion (Doc. 7) be **DENIED**.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on April 12, 2018.

                                                                                    _____
                                                                                    DANIEL C. IRICK
                                                                                    UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy