**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

HANDS ON CHIROPRACTIC PL,
A/A/O SAMANTHA SCHURR,

      CASE NO.: 6:18-cv-00192-RBD-DCI

      Plaintiff,

v.

      STATE CASE NO. 2017-CA-11229

PROGRESSIVE SELECT
INSURANCE COMPANY,

      Defendant.

_____/

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT**

Defendant, Progressive Select Insurance Company ("Progressive"), hereby files this

Answer and Affirmative Defenses to the Amended Class Action Complaint ("Complaint") filed

by Plaintiff, Hands On Chiropractic PL, denies all allegations not expressly admitted, and states

as follows:

**ANSWER**

**JURISDICTION, PARTIES AND VENUE**

1.      In response to the allegations in Paragraph 1, Progressive states that the Complaint

speaks for itself and denies any inconsistent allegations. Progressive admits that the Complaint

purports to seek class action status for declaratory relief and damages on behalf of a class, but

Progressive denies that Plaintiff or any class is entitled to any of the relief sought in the Complaint

and denies that any class should be certified in this action.

2.      Progressive is without knowledge and information sufficient as to form a belief as

to the truth of the allegations in Paragraph 2 and therefore denies the same.

45598255;3

3.     In response to the allegations in Paragraph 3, Progressive admits that it is a foreign for-profit corporation authorized to transact business in Orange County, Florida. Progressive further admits that it has issued automobile insurance policies in the State of Florida that include Florida No-Fault ("PIP") benefits.

4.     To the extent that the allegations in Paragraph 4 state legal conclusions, no response is required from Progressive. To the extent a response is required, Progressive admits that venue was initially proper in Orange County, Florida, but states that venue is now proper in this Court following Progressive's removal of the action.

5.     Progressive denies the allegations in Paragraph 5.

## FACTUAL BACKGROUND

6.     In response to the allegations in Paragraph 6, Progressive admits that Samantha Schurr ("Schurr") was an insured under an automobile insurance policy underwritten and issued by Progressive, and that Progressive is in possession of a copy of the implicated policy.

7.     In response to the allegations in Paragraph 7, Progressive states that the implicated policy speaks for itself and denies any inconsistent allegations.

8.     In response to the allegations in Paragraph 8, Progressive admits that, upon information and belief, Schurr was involved in a motor vehicle accident on or about March 5, 2014. Progressive is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 and therefore denies the same.

9.     To the extent that the allegations in Paragraph 9 state legal conclusions, no response is required from Progressive. To the extent a response is required, Progressive admits that Plaintiff billed Progressive for certain medical services purportedly provided by Plaintiff to Schurr following her automobile accident on or about March 5, 2014. Progressive is without knowledge

45598255;3

and information sufficient as to form a belief as to the truth of the remaining allegations in Paragraph 9 and therefore denies the same.

10.     In response to the allegations in Paragraph 10, Progressive admits that Progressive paid Plaintiff for medical services purportedly rendered to Schurr pursuant to a purported assignment of benefits to Plaintiff. Progressive is without knowledge and information sufficient as to form a belief as to the truth of the remaining allegations in Paragraph 10 and therefore denies the same.

11.     In response to the allegations in Paragraph 11, Progressive admits that Plaintiff sought reimbursements from Progressive for medical services purportedly rendered to Schurr pursuant to the purported assignment of benefits. Progressive is without knowledge and information sufficient as to form a belief as to the truth of the remaining allegations in Paragraph 11 and therefore denies the same.

12.     To the extent that the allegations in Paragraph 12 state legal conclusions, no response is required from Progressive. To the extent a response is required, Progressive states that the bills submitted by Plaintiff and the schedule of maximum charges set forth in Fla. Stat. § 627.736(5)(a)1. (2012 to date) speak for themselves, and Progressive denies any inconsistent allegations.

13.     In response to the allegations in Paragraph 13, Progressive admits that it paid certain of the charges billed by Plaintiff in connection with its treatment of Samantha Schurr at 80% of the billed amount. Progressive otherwise denies the remaining allegations in Paragraph 13.

14.     To the extent that the allegations in Paragraph 14 state legal conclusions, no response is required from Progressive. Progressive is otherwise unable to frame a response to this Paragraph, as there is no time period limitation applied to its allegations, and Progressive does not

know what is meant by "all claims similarly situated." To the extent a response is required, Progressive denies the allegations in Paragraph 14, including that there are "similarly situated" claims or that Progressive failed to properly reimburse any providers or otherwise acted in violation of the PIP Statute.

15.     In response to the allegations in Paragraph 15, Progressive states that the Complaint speaks for itself and denies any inconsistent allegations. Progressive admits that the Complaint purports to seek class action status for a determination of certain purported rights under certain policies issued by Progressive and the PIP Statute, and seeks declaratory relief on behalf of a class, but Progressive denies that Plaintiff or any class is entitled to any of the relief sought in the Complaint and denies that any class should be certified in this action.

## PERSONAL INJURY PROTECTION

16.     To the extent that the allegations in Paragraph 16 state legal conclusions, no response is required from Progressive. Progressive further states that the PIP Statute speaks for itself and denies any inconsistent allegations.

17.     To the extent that the allegations in Paragraph 17 state legal conclusions, no response is required from Progressive. To the extent a response is required, Progressive states that Florida law and the referenced statute speak for themselves and denies any inconsistent allegations.

18.     To the extent that the allegations in Paragraph 18 state legal conclusions, no response is required from Progressive. To the extent a response is required, Progressive states that referenced statute speaks for itself and denies any inconsistent allegations. Progressive also explicitly denies Fla. Stat. § 627.736(5)(a)5 begins with a lower case "a" or that any portion of that statute is italicized.

45598255;3

19.     In response to the allegations in Paragraph 19, Progressive states that its insurance policies and the referenced statute speak for themselves and denies any inconsistent allegations. Progressive otherwise denies the allegations in Paragraph 19.

## CLASS REPRESENTATIVE ALLEGATIONS

20.     Progressive admits that Plaintiff seeks to bring this Action as a class action. Progressive otherwise denies the allegations in Paragraph 20. Progressive also denies that the proposed class should be certified.

21.     In response to the allegations in Paragraph 21, Progressive states that the Complaint speaks for itself and denies any inconsistent allegations. Progressive further denies that Plaintiff has properly alleged its cause of action on its own behalf or on behalf of the proposed class. Progressive further denies that the proposed class should be certified.

22.     To the extent that the allegations in Paragraph 22 state legal conclusions, no response is required from Progressive. To the extent a response is required, Progressive denies the allegations in Paragraph 22.

23.     To the extent that the allegations in Paragraph 23 state legal conclusions, no response is required from Progressive. To the extent a response is required, Progressive denies the allegations in Paragraph 23.

24.     To the extent that the allegations in Paragraph 24 state legal conclusions, no response is required from Progressive. To the extent a response is required, Progressive denies the allegations in Paragraph 24.

25.     To the extent that the allegations in Paragraph 25 state legal conclusions, no response is required from Progressive. To the extent a response is required, Progressive denies the allegations in Paragraph 25.

45598255;3

26.     Progressive is without knowledge and information sufficient as to form a belief as to the truth of the allegations in Paragraph 26 and therefore denies the same.

27.     To the extent that the allegations in Paragraph 27 state legal conclusions, no response is required from Progressive. To the extent a response is required, Progressive denies the allegations in Paragraph 27.

## <u>COUNT I - DECLARATORY RELIEF</u>

28.     Progressive restates and incorporates by reference its responses to Paragraphs 1 through 27 above as if fully set forth herein.

29.     Progressive admits that it paid certain of the charges billed by Plaintiff in connection with its treatment of Samantha Schurr at 80% of the billed amount. Progressive is without knowledge and information sufficient to form a belief as to truth of the remaining allegations, and therefore denies the same.

30.     In response to the allegations in Paragraph 30, Progressive states that the implicated policy speaks for itself and denies any inconsistent allegations.

31.     To the extent that the allegations in Paragraph 31 state legal conclusions, no response is required from Progressive. To the extent a response is required, Progressive states that the referenced statute speaks for itself and denies any inconsistent allegations.

32.     To the extent that the allegations in Paragraph 32 state legal conclusions, no response is required from Progressive. To the extent a response is required, Progressive states that the referenced statute speaks for itself and denies any inconsistent allegations. Progressive further denies any violation of the referenced statute.

33.     Progressive is without knowledge and information sufficient as to form a belief as to the truth of the allegations in Paragraph 33 and therefore denies the same.

45598255;3

34.     To the extent that the allegations in Paragraph 34 state legal conclusions, no response is required from Progressive. To the extent a response is required, Progressive denies the allegations of Paragraph 34.

35.     To the extent that the allegations in Paragraph 35 state legal conclusions, no response is required from Progressive. To the extent a response is required, Progressive denies the allegations of Paragraph 35.

36.     To the extent that the allegations in Paragraph 36 state legal conclusions, no response is required from Progressive. To the extent a response is required, Progressive denies the allegations of Paragraph 36.

37.     To the extent that the allegations in Paragraph 37 state legal conclusions, no response is required from Progressive. To the extent a response is required, Progressive is without knowledge and information sufficient as to form a belief as to the truth of the allegations in Paragraph 37 and therefore denies the same.

## PRAYER FOR RELIEF

Progressive denies that Plaintiff, for itself or on behalf of the putative class, is entitled to judgment against Progressive for declaratory relief, damages, attorneys' fees, costs, interest, or any other relief on any issue. Progressive also denies that this action is appropriate for class action treatment and, in any event, that Plaintiff is an adequate class representative.

* * *

## GENERAL DENIAL

Progressive denies each and every allegation, matter and thing contained in the Complaint, except as hereinabove admitted, qualified, or otherwise stated.

45598255;3

## AFFIRMATIVE DEFENSES

Progressive asserts the following Affirmative Defenses to Plaintiff's Complaint without assuming the burden of proof on such defenses that otherwise would rest on Plaintiff:

1. The Complaint fails to state a claim upon which relief can be granted.

2. Progressive denies that it breached the implicated policy.

3. The claim for declaratory relief is barred because the insurance contracts and/or statutes sued upon are clear and unambiguous and present no need for construction or interpretation.

4. The claim for declaratory relief is barred because it seeks resolution of the factual issue of whether Plaintiff and/or members of the putative class should be paid an additional amount for Florida No-Fault ("PIP") benefits arising out of individual insurance contracts.

5. The request for declaratory relief is barred because Plaintiff has an adequate remedy at law. *See Tiller v. State Farm Mut. Auto. Ins. Co.,* 2013 WL 5878452, at *4 (11th Cir. Nov. 4, 2013).

6. The claims are barred because Plaintiff and/or members of the putative class failed to serve appropriate statutorily required pre-suit demand letters on Progressive pursuant to Fla. Stat. § 627.736(10) (2012 to date).

7. This action is not a proper class action under Federal Rule of Civil Procedure 23 because the Plaintiff and each putative class member will have to demonstrate compliance with the pre-suit demand letter requirement and/or other conditions precedent. *See, e.g., MRI Assocs. of St. Pete, Inc. v. State Farm Mutual Auto. Ins. Co.*, 755 F. Supp. 2d 1205, 1207-1208 (M.D. Fla. 2010); *Shenandoah Chiro., PA v. National Specialty Ins. Co.*, 526 F. Supp. 2d 1283 (S.D. Fla. 2007).

8.     This action is not appropriate as a class action under Rule 23(b)(2) because injunctive and/or declaratory relief is not the primary relief sought. *See, e.g., DWFII Corp. v. State Farm Mut. Auto. Ins. Co.*, 271 F.R.D. 676, 686 (S.D. Fla. 2010), *aff'd,* 469 Fed. App'x. 762, 765 (11th Cir. 2012); *Rollins, Inc. v. Butland*, 951 So. 2d 860, 866 (Fla. 2d DCA 2006); *Freedom Life Ins. Co. of Am. v. Wallant*, 891 So. 2d 1109, 1118 (Fla. 4th DCA 2004). Plaintiff's claims for declaratory relief are really a predicate for seeking affirmative monetary relief – *i.e.,* the recovery of additional PIP benefits.

9.     This action is not a proper declaratory action or a class action under Rule 23 because questions of fact pertaining to each individual putative class member's claim, as well as different defenses pertaining to each, will predominate over common legal questions. *See, e.g., State Farm Mut. Auto. Ins. Co. v. Sestile*, 821 So. 2d 1244 (Fla. 2d DCA 2002); *MRI Assocs. of St. Pete, Inc. v. State Farm Mut. Auto. Ins. Co*., 755 F. Supp. 2d 1205 (M.D. Fla. 2010); *Shenandoah Chiro., P.A. v. Nat'l Specialty Ins. Co.*, 526 F. Supp. 2d 1283 (S.D. Fla. 2007).

10.     Plaintiff's claims should be dismissed because Plaintiff has failed to identify and cannot show that Progressive has breached any term of a contract to which it (or its assignor) is a party.

11.     Plaintiff's claims are barred by payment, as Plaintiff was paid in accordance with the terms of the Policy and the PIP Statute.

12.     All claims are barred because Plaintiff did not charge a reasonable amount consistent with Fla. Stat. § 627.736(5)(a) for the services at issue.

13.     On information and belief, the purported assignments pursuant to which some putative class members claim to have standing to sue may be insufficient to convey such standing.

14.     On information and belief, some putative class members, their assignors and/or the insureds (if different from the assignors) may have breached the cooperation clause and/or other material provisions of their individual policies.

15.     On information and belief, the medical treatment for which payment is sought by some putative class members may not have been reasonable, necessary and/or related to the insureds' alleged motor vehicle accidents.

16.     On information and belief, the charges billed by some putative class members may be excessive, billed more than once for the same alleged medical treatment, and/or billed for services not actually rendered.

17.     On information and belief, some putative class members may have failed to provide reasonable proof of their individual insurance claims to Progressive.

18.     On information and belief, some putative class members may have failed to give timely notice of their claims and/or failed to timely submit bills to the Progressive.

19.     On information and belief, some putative class members' claims may be barred in whole or in part by the doctrines of waiver, estoppel and/or ratification.

20.     On information and belief, some putative class members' claims may be barred by the doctrine of laches and/or applicable statutes of limitations.

21.     On information and belief, some putative class members' claims may be barred by the doctrine of abandonment.

22.     On information and belief, some putative class members' claims may be barred by the doctrines of res judicata or claim preclusion.

23.     On information and belief, Progressive may have a defense of fraud with respect to some putative class members.

45598255;3

24.     On information and belief, Progressive may have a defense of release with respect to all or some of the putative class members.

25.     On information and belief, some putative class members' claims may be barred by the doctrine of accord and satisfaction.

26.     On information and belief, Progressive may have a defense of overpayment with respect to some putative class members.

27.     On information and belief, Progressive may have a defense of set-off with respect to some putative class members.

28.     On information and belief, Progressive may have a defense of exhaustion of available PIP benefits with respect to some putative class members.

* * *

Progressive reserves the right to raise additional affirmative defenses as discovery warrants.

WHEREFORE, Progressive requests judgment in its favor.


Dated:   July 18, 2018.                    Respectfully submitted,

                                            */s/ Allison Paige Gallagher*
                                            Megan Costa DeVault, Esq.
                                            Florida Bar No. 0560731
                                            Allison Paige Gallagher, Esq.
                                            Florida Bar No. 808911
                                            Akerman LLP
                                            420 South Orange Avenue, Suite 1200
                                            Orlando, FL 32801
                                            Phone: 407-423-4000
                                            Fax: 407-843-6610
                                            P: megan.devault@akerman.com
                                            S: jann.austin@akerman.com
                                            P: allison.gallagher@akerman.com
                                            S: karilynn.alhasnawi@akerman.com

                                            and

45598255;3

Marcy Levine Aldrich, Esq.
Florida Bar No. 0968447
Akerman LLP
Three Brickell City Center
98 Southeast Seventh Street, Suite 1100
Miami, FL 33131
Phone: 305-374-5600
Fax: 305-374-5095
P: marcy.aldrich@akerman.com
S: debra.atkinson@akerman.com

*Counsel for Defendant Progressive Select
Insurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of July, 2018, a true and correct copy of the foregoing Notice was electronically filed with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Allison Paige Gallagher*
Allison Paige Gallagher, Esq.

45598255;3